**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KULWINDER SINGH, | No. 10-72412 |
| Petitioner, | |
| v. | Agency No. A079-572-208 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Kulwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to reopen. *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). We grant the petition for review, and we remand.

In Singh's prior proceedings, the BIA found that Singh was credible and suffered past persecution, but that the government rebutted the presumption of future persecution. Singh subsequently filed a motion to reopen alleging the police continued to inquire about him and had harmed his father and brother as a result. The BIA found Singh's evidence, including the death certificate he submitted for his father, was insufficiently reliable, and also found he did not adequately show the evidence regarding his father's death was previously unavailable.

The BIA erred in finding Singh did not adequately show the evidence regarding his father's death was previously unavailable, because the death did not occur until after Singh's last immigration hearing. *See Bhasin*, 423 F.3d at 987 (information in petitioner's declaration that became available during pendency of BIA appeal was not previously available because it concerned events that occurred after the hearing before the immigration judge). Further, even if his father's death certificate was unreliable, the BIA abused its discretion in rejecting Singh's other evidence, including his declaration, his family's affidavits, and his brother's medical records, because it did not explain why it doubted the authenticity of this evidence or why it otherwise found the evidence unreliable. *See Mohammed v.*

*Gonzales*, 400 F.3d 785, 792 (9th Cir. 2005) ("the BIA must issue a decision that fully explains the reasons for denying a motion to reopen"). In rejecting the evidence in this way, the BIA failed to address entirely the police interest in Singh and the mistreatment of his brother, *see Mejia v. Ashcroft*, 298 F.3d 873, 878-79 (9th Cir. 2002) (BIA abused its discretion in failing to address petitioner's imputed political opinion claim), and did not address the other evidence of his father's death. Accordingly, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Mejia*, 298 F.3d at 880.

**PETITION FOR REVIEW GRANTED; REMANDED.**